IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RAYMON H. STONE, JR.,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:23-cv-00226-TES-CHW |
| | : | |
| v. | : | |
| | : | |
| **JANICE JORDAN,** *et al.,* | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff Raymon H. Stone, Jr., a prisoner at the Central State Prison in Macon, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the filing fee or requested to proceed without prepayment of the filing fee. In order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required supporting documentation. If Plaintiff seeks leave to proceed *in forma pauperis*, then he is advised that pursuant to 28 U.S.C. § 1915(a)(1)-(2) he must file both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." Without an account statement or similar certified documentation from Plaintiff's place of incarceration, the court does not have sufficient information to determine whether the Plaintiff will be permitted to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b).

Under the Prison Litigation Reform Act, (PLRA), *all* prisoners, even those who are

allowed to proceed *in forma pauperis*, must pay the full filing fee. 28 U.S.C. § 1915(b)(1). *In forma pauperis* prisoner litigants may be required to pay a partial initial filing fee. Prison officials will nonetheless collect the balance of the filing fee by deducting twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in plaintiff's account exceeds $10 until the full filing fees are paid." *Id*. The entire filing fee must be paid even if the suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

Plaintiff claims he has had difficulty when requesting documents. *See* ECF No. 2. Thus, he is instructed to show the appropriate prison official this Order when he requests a certified copy of his trust fund account statement. That certified statement must then be submitted to this Court within fourteen days of the date of this order. If the prison official refuses to provide the requested information, Plaintiff should submit to this Court a copy of his written request to prison officials for the account statement and notify the Court of (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official that he will not be provided a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification.

Accordingly, if Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) remit full payment of $402.00 to the Court or (2) submit a motion for leave to proceed *in forma pauperis*, completed pauper's affidavit, and a certified copy of his prison trust account statement (or institutional equivalent) for the past six months signed by the appropriate prison official.

The Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the Court's standard *in forma pauperis* application for use by prisoners. Failure to fully and timely comply with this Order can result in the dismissal of this case pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)). There shall be no service on any Defendant pending further order of the Court.

**SO ORDERED and DIRECTED**, this 27th day of July, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge